United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 16, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-51252
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

DANIEL BEERY

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:05-CR-131-1
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Daniel Beery pleaded guilty to conspiracy to commit access device fraud and access device fraud, and the district court sentenced him to concurrent 90-month and 177-month terms of imprisonment and concurrent three-year terms of supervised release. The guidelines sentence was enhanced for obstruction of justice because Beery fled after he was indicted and continued his criminal conduct. The district court also ordered Beery to pay $576,643.47 in restitution and a $200 special assessment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Beery's sole argument on appeal is that the district court reversibly erred in denying a sentencing reduction for acceptance of responsibility.  A district court's ruling that a defendant is not entitled to a sentencing reduction for acceptance of responsibility "should not be disturbed unless it is without foundation."  United States v. Washington, 340 F.3d 222, 227 (5th Cir. 2003) (internal quotation marks and citation omitted).  A defendant who receives an enhancement for obstruction of justice will not be eligible to receive a reduction for acceptance of responsibility, except in "extraordinary cases."  U.S.S.G § 3E1.1, comment. (n.4).

Beery did not timely withdraw from criminal activity or voluntarily surrender.  See U.S.S.G. § 3E1.1, comment. (n.1(b) & (d)).  Rather, Beery remained a fugitive for almost a year and continued selling stolen property online during this time.  Beery has not demonstrated that his case is extraordinary or that the district court's denial of acceptance of responsibility was "without foundation."  Washington, 340 F.3d at 227.  The judgment of the district court is AFFIRMED.